RECEIVED
BY:
JAN - 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENCANA OIL & GAS (USA) INC., ET AL | CIVIL ACTION NO. 08-1525 |
| VERSUS | JUDGE DONALD E. WALTER |
| HATTIE BELL STEPHENS | MAGISTRATE JUDGE HORNSBY |

## JUDGMENT

Before this Court is a Motion for Summary Judgment [Record Document 15] filed on behalf of plaintiffs, EnCana Oil & Gas (USA) Inc. ("EnCana") and SWEPI LP ("SWEPI"), wherein plaintiffs ask that the Court enter a judgment declaring their rights under a mineral lease with defendant, Hattie Bell Stephens ("Stephens") as lessor.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required

by this rule." Local Rule 56.2.

In the present matter, Stephens has not filed an opposition to EnCana's and SWEPI's Motion for Summary Judgment. On October 29, 2009, this Court issued a "Notice of Motion Setting" [Record Document 16] giving Stephens fifteen (15) calendar days from October 29, 2009 to file an opposition to EnCana's Motion for Summary Judgment. They have not done so as of the drafting of this Order. Thus, because the material facts set forth by EnCana and SWEPI [Record Document 15-4] have not been controverted, there is no genuine issue of material fact for trial.

Accordingly, this Court finds the following:

(1) that the Oil, Gas, and Mineral Lease, affecting 32.30 acres, more or less, in Section 34, Township 12 North, Range 9 West, Red River Parish, Louisiana (hereinafter the "Lease") dated March 13, 2009, between Hattie Bell Stephens ("Stephens"), as lessor, and Pride Oil & Gas Properties, Inc. ("Pride Oil"), as lessee, is a valid and enforceable contract between the parties;

(2) that EnCana and SWEPI have the exclusive rights and obligations under the Lease as lessees;

(3) that Stephens, the lessor, is obligated to allow the plaintiffs to exercise those rights;

(4) that EnCana's and SWEPI's obligations under the Lease to Stephens have been, are, and will continue to be suspended during the pendency of the parties' dispute; and

(5) that the Lease's primary term is extended for this suspension period, such that EnCana and SWEPI will be entitled to the full benefit of their bargain.

Therefore, **IT IS ORDERED** that EnCana's and SWEPI's Motion for Summary Judgment be and is hereby **GRANTED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31 day of December 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE